**IN THE UNITES STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

JUAN C. ELSO, # 63187-004                              PETITIONER

VERSUS                      CIVIL ACTION NO. 5:10-CV-20-DCM-MTP

BRUCE PEARSON, Warden                                 RESPONDENT

<u>**ORDER**</u>

This cause is before the Court on Magistrate Judge Michael
T. Parker's Report and Recommendation of September 9th, 2010
[docket entry no. 14].  Therein, Judge Parker recommends that the
*pro se* petition of Juan C. Elso for writ of habeas corpus under
28 U.S.C. § 2241 be denied and dismissed with prejudice.
Petitioner filed objections to the Report and Recommendation on
September 14th, 2010 [docket entry no. 15].  Having reviewed the
Report and Recommendation, Petitioner's objections thereto, and
applicable statutory and case law, this Court finds and orders as
follows:

Petitioner, currently in custody at the Federal Correctional
Complex in Yazoo City, Mississippi, filed a claim under 28 U.S.C.
§ 2241 alleging that he was denied due process and that his right
to equal protection was violated.  Petitioner's claims arise out
of a prison disciplinary hearing in which he was found guilty of
Possession of a Hazardous Tool (a cell phone), in violation of
prison policy.  With regard to the due process claim, Judge
Parker found that Petitioner received due process because he

1

received (1) at least 24 hours advance written notice of the charges; (2) an opportunity to present documentary evidence and testimony from witnesses; (3) help from other inmates or staff, if needed; and (4) a written statement of the evidence relied on and the reason for disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 564-70. (1974).

Petitioner objects to the Report and Recommendation and challenges certain of the procedures applied in his disciplinary hearing. Petitioner first argues that he was denied staff representation and the right to call witnesses as he is entitled to under Wolff. However, as the Report and Recommendation makes clear, a prisoner does not have a general constitutional right to have a staff representative appear on his behalf in a disciplinary proceeding. Tewell v. Outlaw, 2009 WL 4216423 at 4. (E.D. Ark. Sept. 12, 2008) (citing Hudson v. Hedgepeth, 92 F.3d 748, 751 (8th Cir. 1996)). Rather, due process requires only that inmates be provided with staff representatives where they are illiterate or "the complexity of the issue makes it unlikely that the inmate will be able to collect the present evidence necessary for adequate comprehension of the case." Tewell, 2008 WL 4216423 at 4 (citing Wolff, 418 U.S. at 570); see also Evans v. Henman, 925 F.2d 1468 at 2 (7th Cir. 1991). Petitioner is not illiterate nor is this case complex and thus he was not denied due process with respect to the right to a staff representative.

Next, Petitioner claims that he provided the DHO with the names of five witness whom he wanted to call to testify, but the DHO would not let him call them as witnesses. Petitioner failed to give any explanations as to why the unnamed witnesses would possess relevant information and thus has not shown that the alleged error, if any, has "substantial and injurious effect or influence in determining the proceeding's outcome." Brantley v. Quarterman, 2007 WL 2746959, 3 (S.D. Tex. 2007)(citing Williams v. Johnson, 171 F.3d 300, 307 (5th Cir 1999). As the Report and Recommendation stated, "mere conclusory statements do not raise a constitutional issue in a habeas case." Schlang v. Heard, 691 F.2d 796, 799 (5th Cir. 1982).

Petitioner also argues that his due process rights were violated because he received a written statement of the alleged disciplinary infraction after the deadline provided in the prison regulations.  However, there is no due process requirement that the written statement be delivered to an inmate within a particular time frame. Wolff, 418 U.S. 564-70. "A prison's failure to follow the prison's own policies, procedures, and regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996.)  In order for a prison disciplinary decision to pass constitutional muster, there merely must be "some evidence" to show that the inmate committed

3

the offense in question.  <u>Superintendent, Massachusetts</u>
<u>Correctional Institution v. Hill</u>, 472 U.S. 445, 455 (1985).
Clearly, in this incident there was "some evidence" that the
Petitioner committed the offense in that the prison guard
provided physical evidence of the contraband and a written
report.

    Petitioner also alleges that the BOP failed to conduct an
investigation prior to charging him and conducting the
disciplinary hearings.  This Court agrees with the Report and
Recommendation that this issue is of no consequence because
"failure to conduct a prompt and thorough investigation prior to
a disciplinary hearing does not rise to the level of a due
process violation." <u>Moles v. Holt</u>, 221, Fed. Appx. 92, 96 (3d
Cir. Mar. 23, 2007).

    Petitioner further objects that the Report and
Recommendation erred in holding that he failed to exhaust his
administrative remedies.   Because the Report and Recommendation
went on to address the merits of Petitioner's due process and
equal rights claims, this objection is moot.

    Lastly, Petitioner objects to the finding that he has not
made the requisite showing that the Discipline Hearing Officers's
actions had a discriminatory purpose as necessary to prove his
equal protection claim.  As noted in the Report and
Recommendation, "[a] claimant who alleges an equal protection

4

violation has the burden of proving purposeful discrimination."
Edwards v. Johnson, 209 F.3d 772, 780 (5th Cir. 2000) (citing
McCleskey v. Kemp, 481 U.S. 279, 292 (1987)).  This Court agrees
with the Magistrate Judge that the petitioner states no facts to
support that there was purposeful discrimination and thus, his
equal protection claim fails.

After a _de novo_ review of the Magistrate Judge's Report and
Recommendation and a review of the Petitioner's objections, this
Court is unable to find any error with the Magistrate Judge's
findings.  This Court is satisfied that the Magistrate Judge has
undertaken an extensive examination of the issues in this case
and has issued a thorough opinion.  Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and
Recommendation [docket entry no. 14] is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Petitioner's objections
[docket entry no. 15] to the Magistrate Judge's Report and
Recommendation are **OVERRULED**.

**SO ORDERED**, this the 28th day of July, 2011.


 s/ David Bramlette

**UNITED STATES DISTRICT JUDGE**